UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-CV-00170-MR

| | |
|---|---|
| VENICE PI, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Kathy Forrester's "Motion to Dismiss" [Doc. 12] and Plaintiff Venice PI, LLC's Response in Opposition to Kathy Forrester's Motion to Dismiss [Doc. 14].

Plaintiff Venice PI, LLC, ("Plaintiff") filed a Complaint for copyright infringement on June 29, 2017, alleging that unknown individuals named as Defendants Does 1-10 ("Does 1-10") committed violations of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act") and seeking injunctive relief, statutory damages, and attorney's fees and costs. Plaintiff sought leave of this Court to issue third-party subpoenas prior to a Rule 26(f) conference on the Doe Defendants Internet Service Providers ("ISPs") to obtain information sufficient to identify each Doe Defendant so that Plaintiff

can serve Does 1-10 with Plaintiff's Complaint.  On July 11, 2017, the Court entered an Order allowing Plaintiff to issue subpoenas to the ISPs of the Doe Defendants seeking the names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of Does 1-10. [Doc. 8].

On September 8, 2017, Plaintiff reported to the Court that it had served the authorized subpoena on the Doe Defendants' ISP, Charter Communications ("Charter"), and that it anticipated receiving Charter's response to the subpoena on or before October 9, 2017.  [Doc. 9].  On October 4, 2017, the Court received correspondence by mail from Kathy Forrester, which is labelled a "Motion to Dismiss" (hereinafter the "Filing"). The Filing appears on a form intended for use in the District Court of Wake County, North Carolina.  [Doc. 12].  In the Filing, Ms. Forrester "object[s] to the motion to produce documents" and requests "to be dismissed from the case," citing no "knowledge to the use of my MAC address or to the illicit down loads of any type."  Id.  Thereafter, on October 18, 2017, Plaintiff filed a Response in Opposition to Kathy Forrester's Motion to Dismiss.  [Doc. 14].

The Filing, however, does not constitute and cannot be treated as a proper motion to dismiss as contemplated by Federal Rule of Civil Procedure 12.  Ms. Forrester has not yet been identified in the Complaint and has not

been served with process. Ms. Forrester is directed to both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the United States District Court for the Western District of North Carolina for further guidance and information regarding the appropriate procedure for this case. Ms. Forester is advised that if she were to be named a party, any motion to dismiss she files in this action must be accompanied by a brief pursuant to Local Rule of Civil Procedure 7.1(C).

To the extent Ms. Forrester intends the Filing to constitute an objection to or motion to quash the subpoena issued by Charter, it is untimely. See Fed. R. Civ. P. 45(d)(2)(b) (objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Further, while Ms. Forrester may have standing to object to the subpoena, she states no cognizable grounds for it to be modified or quashed. See Fed. R. Civ. P. 45(d)(3) (stating the grounds on which a court must and may modify or quash a subpoena); CineTel Films, Inc. v. Does 1-1,052, 853 F.Supp.2d 545, 555 (D. Md. April 4, 2012); Third Degree Films, Inc. v. Does 1-108, No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012). Therefore, to the extent the Filing is a motion to modify or quash the subpoena, it is denied.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Filing received by the Court on October 4, 2017 from Kathy Forrester [Doc. 12] has no operational or legal effect as a motion to dismiss in this matter.

**IT IS FURTHER ORDERED** that, to the extent the Filing [Doc. 12] is a motion to modify or quash the subpoena issued by Charter Communications, it is **DENIED.**

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge