# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:17-CV-00170-MR

| | |
|---|---|
| VENICE PI, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Kurt F. Beyer's letter. [Doc. 13]. The Plaintiff responded to this letter. [Doc. 15].

Plaintiff Venice PI, LLC, ("Plaintiff") filed a Complaint for copyright infringement on June 29, 2017, alleging that unknown individuals named as Defendants Does 1-10 ("Does 1-10") committed violations of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act") and seeking injunctive relief, statutory damages, and attorney's fees and costs. Plaintiff sought leave of this Court to issue third-party subpoenas prior to a Rule 26(f) conference on the Doe Defendants Internet Service Providers ("ISPs") to obtain information sufficient to identify each Doe Defendant so that Plaintiff can serve Does 1-10 with Plaintiff's Complaint. On July 11, 2017, the Court

entered an Order allowing Plaintiff to issue subpoenas to the ISPs of the Doe Defendants seeking the names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of Does 1-10. [Doc. 8].

On September 8, 2017, Plaintiff reported to the Court that it had served the authorized subpoena on the Doe Defendants' ISP, Charter Communications ("Charter"), and that it anticipated receiving Charter's response to the subpoena on or before October 9, 2017. [Doc. 9]. On October 6, 2017, the Court received correspondence by fax from Kurt F. Beyer (the "Letter"). [Doc. 13]. The Letter is dated October 4, 2017. It is unclear whether Mr. Beyer sent the Letter to any other individuals or entities. In the Letter, Mr. Beyer states that he does "not wish to be associated of [sic] with this court case, as it has nothing to do with me or my family. Please remove my name as a Defendant in this case. I trust that this will eliminate any further correspondence concerning this issue." Id. Thereafter, on October 18, 2017, Plaintiff filed a Response in Opposition to Letter of Kurt F. Beyer. [Doc. 15].

Mr. Beyer is advised that the Letter has no legal or operational effect. Mr. Beyer is directed to both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the United States District Court for the

Western District of North Carolina for further guidance and information regarding the appropriate procedure for this case. Furthermore, Mr. Beyer has not been identified as a defendant in the Complaint in this matter or served with process. Even if a letter of the type sent by Mr. Beyer were a proper response to the Complaint, which it is not, he is not yet a party to the action.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Letter transmitted by Kurt F. Beyer on October 6, 2017 [Doc. 13] has no legal or operational effect in this matter.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge